This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38842**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.

**ROBERT LEE MEEKS,**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF TORRANCE COUNTY**
**Matthew G. Reynolds, District Court Judge**

Raúl Torrez, Attorney General
Emily C. Tyson-Jorgenson, Assistant Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Charles D. Agoos, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**DUFFY, Judge.**

**{1}** The memorandum opinion filed on February 2, 2023, is hereby withdrawn, and this opinion is substituted in its place. Defendant appeals the district court's judgment and sentence, convicting him of two counts of homicide by vehicle due to reckless driving, two counts of great bodily harm by vehicle due to reckless driving, one count of causing or permitting an unsafe vehicle to be moved, and one count of driving under a foreign license during suspension or revocation. We issued a notice proposing to summarily affirm. Defendant filed a response to our notice that persuaded us to reverse

his convictions for vehicular homicide by reckless driving and great bodily harm by reckless driving, based on the district court's refusal to give a lesser included offense instruction on careless driving. We also granted Defendant's motion to amend the docketing statement to challenge his illegal sentence for driving under a foreign license during suspension or revocation and proposed to vacate the sentence and remand for resentencing.

**{2}** Defendant filed a second response to our notice in partial support of our second notice, and the State filed its first memorandum in opposition along with a motion to strike Defendant's second memorandum in opposition or to allow the State an opportunity to listen to the recording of the trial. We denied the motion to strike, but allowed the State to listen to the recording and file an amended memorandum in opposition. The State has filed its amended memorandum in opposition to our second notice. Having considered all the relevant materials, we reverse Defendant's four reckless driving-based convictions, vacate his sentence for driving under a foreign license during suspension or revocation, and remand for resentencing on the latter conviction and for retrial on his convictions for vehicular homicide and great bodily harm by vehicle.

**{3}** The State's amended memorandum in opposition concedes that Defendant preserved his request for a lesser included offense instruction on careless driving as a step-down charge to the reckless driving offenses. [Amended MIO 6] The State pivots to arguing that the definition of careless driving was given to the jury, and, therefore, the jury considered the difference between reckless and careless driving, and rejected the theory of careless driving by convicting Defendant of reckless driving. [Amended MIO 2, 9-10] This argument lacks merit.

**{4}** A district court's failure to instruct the jury on a lesser included offense, when requested to do so, will constitute reversible error where: "(1) the lesser offense is included in the greater, charged offense; [and] (2) there is evidence tending to establish the lesser included offense and that evidence establishes that the lesser offense is the highest degree of crime committed." *State v. Jernigan*, 2006-NMSC-003, ¶ 21, 139 N.M. 1, 127 P.3d 537; *see also State v. Skippings*, 2011-NMSC-021, ¶ 25, 150 N.M. 216, 258 P.3d 1008 (explaining that we will consider the request for an instruction to preserve the issue for appeal where the trial court understood what was being requested).

**{5}** The parties' responses suggest the district court believed that careless driving could not be a lesser included offense for great bodily harm by vehicle or for vehicular homicide because the driving caused great bodily harm or death; thus, the only question was whether the driving was careless or reckless, which would result in a verdict of either not guilty or guilty of these reckless driving-based offenses. [Defendant's 2d MIO 7; Amended MIO 7] Proceeding under this belief, the district court included a definitional instruction on "operating a motor vehicle in a careless manner" immediately after an instruction on the mens rea required for reckless driving. [2 RP 501-02; Amended MIO 7; Defendant's 2d MIO 7] The instructions did not allow the jury to convict Defendant of careless driving as opposed to vehicular homicide or great bodily harm by vehicle [2 RP

492-509] and did not explain any relationship between the definition of careless driving and the charges against him [2 RP 501-02].

{6}     New Mexico case law does not support the district court's belief or approach. Our Supreme Court has stated that although there is no such crime as involuntary manslaughter by careless driving, "a misdemeanor traffic violation may indeed be the highest degree of crime committed and that a defendant charged with homicide by vehicle may be entitled under the 'cognate approach' to an instruction on the lesser[]included offen[se]." *State v. Yarborough*, 1996-NMSC-068, ¶ 25, 122 N.M. 596, 930 P.2d 131. The State provides no basis in the law for its contention that a definitional instruction, in lieu of submitting a lesser-included-offense instruction, is adequate, and we are not persuaded. [Amended MIO 2, 9-10] Where a defendant demonstrates entitlement to an instruction on a lesser included offense, it must be given. *See Jernigan*, 2006-NMSC-003, ¶ 21; *State v. Sotelo*, 2013-NMCA-028, ¶ 9, 296 P.3d 1232 (stating that a successful application of the test in *State v. Meadors*, 1995-NMSC-073, 121 N.M. 38, 908 P.2d 731, "entitles a defendant to a lesser[]included offense instruction when the evidence supports the lesser[]included offense").

{7}     The State also does not persuade us that no rational jury could find that careless driving was the highest offense committed. [Amended MIO 12-13] For the reasons stated in our second notice, we remain persuaded that Defendant demonstrated his entitlement to a lesser included offense instruction on careless driving and hold that the district court erred by denying his request. [CN2 6-7] We also remain persuaded that sufficient evidence supports Defendant's convictions for vehicular homicide and great bodily harm by vehicle, such that he may be retried for these offenses without running afoul of the Double Jeopardy Clause. *See State v. Sanchez*, 2000-NMSC-021, ¶ 30, 129 N.M. 284, 6 P.3d 486 (stating that sufficiency of the evidence to support a conviction is reviewed on appeal, even if reversal is required on other grounds, because the Double Jeopardy Clause would bar retrial if convictions were not supported by sufficient evidence). Accordingly, we reverse Defendant's convictions for vehicular homicide by reckless driving and great bodily harm by reckless driving and remand for a new trial.

{8}     Lastly, the State does not oppose our proposal to vacate Defendant's sentence for driving under a foreign license during suspension or revocation on grounds that it is a misdemeanor for which Defendant was sentenced as if it were a felony. [Amended MIO 2 n.1] Based on the analysis in our second notice, we vacate Defendant's sentence for driving under a foreign license during suspension or revocation and remand for resentencing on that offense. [CN2 7-9]

{9}     For the foregoing reasons, we reverse Defendant's convictions for vehicular homicide by reckless driving and great bodily harm by reckless driving, remand for retrial, vacate his sentence for driving under a foreign license during suspension or revocation, and remand for resentencing on that conviction.

{10}    **IT IS SO ORDERED.**

MEGAN P. DUFFY, Judge

WE CONCUR:

J. MILES HANISEE, Judge

JANE B. YOHALEM, Judge